UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x    **Docket #:**

TELESHA DE MENDONCA,

                                               **COMPLAINT**

                               **Plaintiff,**    (JURY TRIAL REQUESTED)

        -against-

CITY OF NEW YORK and TONY E.
PEVERARO,

                                 **Defendants.**
------------------------------------------------------------------------x

        Plaintiff TELESHA DE MENDONCA ("Plaintiff") complaining of the defendants CITY

OF NEW YORK ("CITY") and TONY E. PEVERARO ("PEVERARO") (collectively

"DEFENDANTS") herein, by and through her attorneys, SIEGLE & SIMS L.L.P., alleges the

following upon information and belief:

**INTRODUCTION**

        1.  On or about September 6, 2025, plaintiff TELESHA DE MENDONCA was present

inside an event space known as "Starz Palace," located at 231-09 Merrick Boulevard, County of

Queens, State of New York.

        2.  At approximately 4:00 a.m., multiple members of the New York City Police

Department entered Starz Palace.

        3.  Plaintiff attempted to leave the location however, DEFENDANTS, their agents,

servants, and employees arrested Plaintiff.

        4.  Plaintiff had committed no crime or offense.

        5.  While in the process of arresting plaintiff, DEFENDANTS, their agents, servants, and

employees caused plaintiff to strike her head causing plaintiff to sustain serious physical and

psychological injuries, including but not limited to traumatic brain injury.

6.  Plaintiff was transported to a New York City Police Department police precinct, and issued two summonses charging her with violations of the New York State Penal Law.

7.  Plaintiff was transported from the precinct to the hospital where she was admitted for treatment and diagnosed with a subdural hematoma and other serious physical injuries.

8.  As a result of her arrest on September 6, 2025, plaintiff appeared in the Criminal Court of the City of New York, Queens County, to answer to the summonses.  All of the offenses charged were dismissed and sealed.

### JURISDICTION

9.  Jurisdiction is founded on the existence of a federal question, United States Code, Title 28, § 1331, as the action arises, in part, under the Fourth Amendment of the Constitution of the United States and United States Code, Title 42, § 1983, as hereinafter more fully appears.

### PARTIES

10.  Plaintiff is a natural person who resides in the County of Queens, State of  New York.

11.  CITY was and is a municipal entity, organized and existing under and by virtue of the laws of the State of New York.

12.  Upon information and belief, PEVERARO is a natural person who resides in the State of New York.

13.  At all times mentioned herein, PEVERARO was an employee of CITY and was working for and acting within the scope of his employment and under color of state law for CITY as a detective with the New York City Police Department.

14.  On September 18, 2025 before the commencement of this action, a Notice of Claim on behalf of plaintiff was served in writing, sworn to by or on behalf of the claimant, by

delivering same by personal service upon CITY, which Notice of Claim set forth the name and post office address of claimant and claimant's attorneys, the notice of claim, the time when, the place where, the manner in which the claim arose, and the items of damages or injuries claimed to have been sustained as far as then practicable.

15.   On September 30, 2025 before the commencement of this action, a Supplemental Notice of Claim on behalf of plaintiff was served in writing, sworn to by or on behalf of the claimant, by delivering same by personal service upon CITY, which Notice of Claim set forth the name and post office address of claimant and claimant's attorneys, the notice of claim, the time when, the place where, the manner in which the claim arose, and the items of damages or injuries claimed to have been sustained as far as then practicable.

16.   Said Notices of Claim were presented and delivered to CITY within ninety (90) days after the claims herein sued upon arose and before the commencement of this action.

17.   On December 24, 2025, CITY orally examined plaintiff and had an opportunity to physically examine her.

18.   This action was commenced within one year after such causes of action arose and more than ninety (90) days have elapsed since the service of this claim or such claim was presented, and CITY has failed and/or refused to make an adjustment or payment of said claim.

**CUSTOMS AND PRACTICES OF DEFENDANT CITY OF NEW YORK WHICH LED TO THE FALSE ARREST, MALICIOUS PROSECUTION, AND USE OF EXCESSIVE FORCE AGAINST PLAINTIFF**

19.   Defendant CITY has a number of customs, practices, and policies which caused and/or contributed to Plaintiff's false arrest and imprisonment, malicious prosecution, and the use of excessive force against her.

20.   Upon information and belief, it is a policy, custom and/or practice of  defendant

CITY, its agents, servants, and/or employees to falsely arrest and maliciously prosecute individuals for offenses they did not commit to cover up and try to attempt to justify its actions when members of the New York City Police Department use unnecessary and excessive force in the scope of their employment against members of the general public.

21.  Defendant CITY, its agents, servants, and/or employees, including employees of the New York City Police Department, due to a lack of proper training and supervision, wrongfully detain individuals absent probable cause when investigating commercial establishments that are open to, and accessible to the general public.

22.  Defendant CITY, its agents, servants, and/or employees, including employees of the New York City Police Department, due to a lack of proper training and supervision, routinely make arrests without sufficient and legal probable cause, thereby subjecting individuals to violations of their Constitutional rights, including wrongful arrest and imprisonment and malicious prosecution, and the use of excessive force.

**AS AND FOR A FIRST CAUSE OF ACTION**
**CIVIL RIGHTS PURSUANT TO FOURTH AMENDMENT**
**(FALSE ARREST AND IMPRISONMENT)**

23.  Plaintiff TELEHSA DE MENDONCA repeats and reiterates the allegations contained in paragraphs 1 through 22.

24.  DEFENDANTS', their agents', servants', and/or employees' conduct in arresting TELESHA DE MENDONCA without probable cause was in violation of the rights guaranteed plaintiff pursuant to the Fourth Amendment of the United States Constitution.

25.  Plaintiff claims damages under 42 U.S.C. § 1983 for injuries set forth above against DEFENDANTS for violation of her constitutional rights under color of law.

**AS AND FOR A SECOND CAUSE OF ACTION**
**CIVIL RIGHTS PURSUANT TO THE FOURTH AMENDMENT**
**(MALICIOUS PROSECUTION)**

26.  Plaintiff TELESHA DE MENDONCA repeats and reiterates the allegations contained in paragraphs 1 through 25.

27.  As set forth above, DEFENDANTS, their agents, servants and/or employees, under color of state law, commenced a criminal prosecution without probable cause against plaintiff TELESHA DE MENDONCA which terminated in plaintiff's favor.

28.  As set forth above, as a result of the prosecution, plaintiff TELESHA DEMENDONCA suffered a deprivation of liberty pursuant to the Fourth Amendment.

29.  Plaintiff claims damages under 42 U.S.C. § 1983 for injuries set forth above against DEFENDANTS for violation of her constitutional rights under color of law.

**AS AND FOR A THIRD CAUSE OF ACTION**
**CIVIL RIGHTS PURSUANT TO THE FOURTH AMENDMENT**
**(EXCESSIVE FORCE)**

30.  Plaintiff TELESHA DE MENDONCA repeats and reiterates the allegations contained in paragraphs 1 through 29.

31.  DEFENDANTS', their agents', servants,' and/or employees' conduct and actions toward plaintiff TELESHA DEMENDONCA detailed herein, including forcibly arresting plaintiff, and causing her to strike her head resulting in serious physical injuries were in violation of the rights guaranteed plaintiff pursuant to the Fourth Amendment of the United States Constitution.

32.  The force used by DEFENDANTS', their agents', servants,' and/or employees' conduct and actions toward plaintiff TELESHA DEMENDONCA was unreasonable under the circumstances.

33.  Plaintiff claims damages under 42 U.S.C. § 1983 for injuries set forth above against

DEFENDANTS for violation of her constitutional rights under color of law.

## PENDENT STATE CLAIMS

### AS AND FOR A FOURTH CAUSE OF ACTION
### (FALSE ARREST AND IMPRISONMENT)

34.  Plaintiff TELESHA DE MENDONCA repeats and reiterates the allegations

contained in paragraphs 1 through 33.

35.  DEFENDANTS, their agents, servants and/or employees, arrested plaintiff

TELESHA DE MENDONCA, handcuffed her, took her into custody, and confined her.

36.  Plaintiff TELESHA DE MENDONCA was conscious of the arrest and confinement.

37.  Plaintiff TELESHA DE MENDONCA did not consent to the confinement.

38.  The arrest and confinement of plaintiff TELESHA DE MENDONCA was not

otherwise privileged.

39.  The arrest and confinement of plaintiff TELESHA DE MENDONCA was without

probable cause.

40.  As a result, plaintiff TELESHA DE MENDONCA suffered physical and mental

injuries.

41.  As a result thereof, plaintiff claims damages against DEFENDANTS.

### AS AND FOR A FIFTH CAUSE OF ACTION
### (MALICIOUS PROSECUTION)

42.  TELESHA DE MENDONCA repeats and reiterates the allegations contained in

paragraphs 1 through 41.

43.  DEFENDANTS, their agents, servants, and/or employees, commenced a prosecution

against plaintiff TELESHA DE MENDONCA while having no probable cause to believe that

TELESHA DE MENDONCA committed any crimes.

44. DEFENDANTS, their agents, servants, and/or employees acted maliciously in commencing said prosecution against plaintiff TELESHA DE MENDONCA.

45. The prosecution of plaintiff terminated in her favor.

46. As a result, TELESHA DE MENDONCA suffered physical and mental injuries, including a deprivation of her liberty.

47. As a result thereof, plaintiff claims damages against DEFENDANTS.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (ASSAULT)

48. Plaintiff TELESHA DE MENDONCA repeats and reiterates the allegations contained in paragraphs 1 through 47.

49. DEFENDANTS', their agents', servants' and/or employees' conduct detailed herein, including the arrest and handcuffing of TELESHA DE MENDONCA, was done with the intent of placing plaintiff TELESHA DE MENDONCA in fear of imminent harmful and offensive contact and did in fact place TELESHA DE MENDONCA in fear of imminent harmful and offensive conduct.

50. As a result, plaintiff TELESHA DE MENDONCA suffered physical and mental injuries.

51. As a result thereof, plaintiff claims damages against DEFENDANTS.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (BATTERY)

52. Plaintiff TELESHA DE MENDONCA repeats and reiterates the allegations contained in paragraphs 1 through 51.

53. DEFENDANTS', their agents', servants', and/or employees' conduct in forcibly

taking plaintiff TELESHA DE MENDONCA into custody was intentional.

54.  Plaintiff TELESHA DE MENDONCA did not consent to the intentional touching of her body.

55.  Such conduct by the DEFENDANTS, their agents, servants, and/or employees towards plaintiff TELESHA DE MENDONCA constituted offensive bodily contact.

56.  As a result, plaintiff TELESHA DE MENDONCA suffered physical and mental injuries.

57.  As a result thereof, plaintiff claims damages against DEFENDANTS.

## AS AND FOR AN EIGHTH  CAUSE OF ACTION
### (NEGLIGENT RETENTION AND SUPERVISION)

58.  Plaintiff TELESHA DE MENDONCA repeats and reiterates the allegations contained in paragraphs 1 through 57.

59.  At all times alleged herein, defendant PEVERARO was employed by defendant CITY , and he was supervised by and under the direction of Defendant CITY and/or its agents, servants and employees.

60.  Defendant CITY, its agents, servants and employees had knowledge that defendant PEVERARO engaged in the use of excessive force against individuals.

61.  Defendant CITY, its agents, servants and employees had knowledge that defendant PEVERARO falsely arrested and maliciously prosecuted individuals.

62.  Defendant CITY, its agents, servants and employees had knowledge of defendant PEVERARO's improper use of force which would cause a reasonably prudent person to investigate defendant PEVERARO's violent disposition and take appropriate action.

63.  Defendant CITY, its agents, servants and employees had knowledge that defendant PEVERARO was acting violently and erratically immediately prior to arresting plaintiff and causing her serious physical injury.

64.  Defendant CITY, its agents, servants and employees could, and/or should reasonably have anticipated that defendant PEVERARO's violent and erratic disposition would likely result in injury to others.

65.  Defendant, CITY, its agents, servants and employees failed to use reasonable care to correct PEVERARO's conduct and/or failed to remove defendant PEVERARO from its employ prior to him using excessive force, falsely arresting, and maliciously prosecuting plaintiff.

65.  As a result, plaintiff TELESHA DE MENDONCA suffered physical and mental injuries.

66.  As a result thereof, plaintiff claims damages against defendant CITY.

## CONCLUSION

**WHEREFORE**, plaintiff TELESHA DE MENDONCA demands judgment against defendants CITY OF NEW YORK and TONY E. PEVERARO and grant the following relief:

A.  Compensatory damages for physical injuries, emotional distress, humiliation, and loss of enjoyment of life in an amount $5,000,000 on each cause of action:

B.  Punitive damages against the individual defendant for willful and malicious violations of constitutional rights.

C.  Nominal damages;

D.  Reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

E.  Pre-judgment and post judgment interest; and

F.  Such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 6, 2026

Yours, etc.

**SIEGLE & SIMS L.L.P.**

By: _____

Jonathan D. Sims (JS8472)
Attorneys for Plaintiff
TELESHA DE MENDONCA
217 Broadway - Suite 611
New York, NY 10007
(212) 406-0110
j.sims@siegleandsims.com